United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Maria Alejandra Thrash Graham, )<br>Plaintiff, )<br>          )<br>v. )<br>          )<br>NCL (Bahamas) Ltd. and Reef Tours, )<br>Ltd., and XYZ Corporations, )<br>Defendants )  | Civil Action No. 20-22826-Civ-Scola |

**Order Granting Motion to Dismiss**

This matter is before the Court upon the Defendant NCL (Bahamas) Ltd.'s ("NCL") motion to dismiss the Plaintiff Alejandra Thrash Graham's amended complaint. (ECF No. 15.) NCL moves to dismiss the amended complaint as an impermissible shot gun pleading and for failure to state a claim of negligence. (ECF No. 15.) The Plaintiff opposes the motion (ECF No. 16) and NCL filed a reply. (ECF No. 19.) For the reasons set forth below, NCL's motion is **granted**. **(ECF No. 15.)**

**1. Background**

On July 8, 2019, Alejandra and Daniel Graham, husband and wife, commenced a voyage to the Bahamas on NCL vessel *Norwegian Sky*. (ECF No. 13 ¶ 47.) The next day, the Grahams departed from the vessel for an NCL-advertised snorkel excursion led by Defendant Reef Tours Ltd. (*Id.* ¶ 50.) While on the excursion, Mr. Graham reported to Reef Tours personnel that he was experiencing pain in his arm, difficulty breathing, and light-headedness. (*Id.* ¶ 74.) Instead of returning to shore or performing emergency services, Reef Tours personnel waited one hour for another vessel to transfer the Grahams back to shore. (*Id.* ¶ 85.) By that time, Mr. Graham was unresponsive. (*Id.*) Upon arrival to shore, Reef Tours personnel failed to perform CPR or use a defibrillator. (*Id.* ¶¶ 86, 87.) A few minutes later, paramedics arrived at the scene and utilized a defibrillator for ten to fifteen minutes. (*Id.* ¶ 88.) Mr. Graham did not regain consciousness and was transferred to the hospital by ambulance where he was pronounced dead. (*Id.* ¶ 89.)

In the four-count amended complaint, the Plaintiff, individually and on behalf of Mr. Graham's estate, alleges counts of negligence against NCL and Reef Tours, vicarious liability against NCL for Reef Tours' misconduct, and one

count for damages resulting from the Defendants' joint venture. (ECF No. 13.)

NCL moved to dismiss the amended complaint arguing that it is a shotgun pleading because it lumps several claims of negligence into their counts against NCL. (ECF No. 15.) Upon review of the amended complaint, the Court finds that it is an impermissible shotgun pleading and must be dismissed.

### 2. Analysis

Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading."). When shotgun pleadings "are allowed to survive past the pleadings stage, 'all is lost—extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits.'" *Barmapov v. Amuial*, 986 F.3d 1321, 1328-29 (11th Cir. 2021) (Tjoflat, J., concurring) (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 192 F.3d 1290, 1333 (11th Cir. 1998)). Faced with a shotgun pleading, district courts should "*immediately* order a repleader and instruct the party to plead its case in accordance with Federal Rules of Civil Procedure 8(a)(2) and 10(b)." *Id.* at 1329 (emphasis in original).

The Eleventh Circuit has identified four rough types of shotgun pleadings: 1) "the most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; 2) a complaint that commits the "venial sin" of being replete with conclusory, vague, and immaterial facts; 3) a pleading that fails to separate into a different count each cause of action; and 4) where a plaintiff asserts multiple claims against multiple defendants but fails to specify which defendants the respective claims are brought against. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

The amended complaint is guilty of several of these errors. For example, despite the facts of this case being straightforward, the amended complaint consists of 132 factual allegations that are conclusory or worse, unnecessarily duplicative of each other in several parts of the complaint. The amended complaint explains multiple times the proposed agency relationship between the Defendants and the ways NCL sponsored the excursion and then adopts all of these unnecessary facts into each count, making it harder to discern which allegations pertain to each count or can be attributed to each Defendant. Additionally, the amended complaint lumps multiple claims into single causes of action. In count one, the Plaintiff alleges that NCL was negligent because it did not practice reasonable care despite knowing about eleven different dangerous conditions, some of which are not even dangerous conditions but rather failures by either Defendant to implement certain policies. This deficiency plagues the remaining counts. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that the defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which [the d]efendant breached this duty"); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims in separate Counts" in an amended complaint).

For these reasons, the amended complaint constitutes a shotgun pleading and must be dismissed. Relatedly, because it is unclear which factual allegations pertain to each count or exactly what misconduct by each Defendant gives rise to each count, the Court will not reach NCL's remaining arguments for failure to state a claim.

### 3. Conclusion

For these reasons, NCL's motion to dismiss is **granted** (ECF No. 15.) The Plaintiff may file a second amended complaint by **May 24, 2021**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, the Plaintiff must assert each theory of liability as a separate cause of action, being careful not to include redundant claims in her amended pleading.

The Court notes that the Plaintiff has failed to provide proof of service to Defendant Reef Tours nor has she moved for an extension of time to serve that

Defendant. A plaintiff is responsible for serving the defendant with a summons and the complaint within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 4(m). In this case, service was required by October 9, 2020. In the joint status report filed on March 22, 2021, the Plaintiff indicated that she had been unable to serve Reef Tours because it was located outside of the United States. (ECF No. 22.) However, the Plaintiff did not request an extension to provide service or provide any plan to effectuate service. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). "If the plaintiff fails to properly serve the defendant within [ninety] days, 'the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)).

Accordingly, the Plaintiff is notified, in keeping with Rule 4(m), that the Court will dismiss this case without prejudice against Reef Tours unless the Plaintiff can establish, no later than **May 21, 2021**, that the Reef Tours was timely served or that good cause exists for the failure to timely serve the Defendant.

**Done and Ordered** in Miami, Florida, on May 17, 2021.

Robert N. Scola, Jr.
United States District Judge