UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-22826-RNS

MARIA ALEJANDRA THRASH GRAHAM
Individually and as personal representative of
the Estate of DANIEL LEE GRAHAM,

    *Plaintiff*

v.

NCL (BAHAMAS) LTD., A Bermuda Company,
d/b/a NORWEGIAN CRUISE LINE

    *Defendant*.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION**

### I. Counts I and VI of Plaintiff's Second Amended Complaint do not Relate Back to the Filing of Plaintiff's Initial Complaint and are Therefore Time-Barred

Plaintiff does not contest that her Passenger Ticket Contract limited her to file all claims within one year of the date of the subject incident. Rather, Plaintiff's argument is that the claims she first asserted in her Second Amended Complaint relate back to the initial complaint. Plaintiff's argument is misplaced. A relation back analysis is governed by Fed. R. Civ. P. 15(c)(1)(B), which provides "[a]n amendment to a pleading relates back to the date of the *original pleading* when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to set out—in the original pleading." "[T]he critical issue in [relation back] determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Moore v. Baker*, 989 F.2d 1129, 1132 (11th Cir. 1993) (emphasis added).

With respect to Plaintiff's claim for negligent misrepresentation (Count I), Plaintiff argues that "the focus of all claims against NCL from inception pertain to NCL's conduct in misleading and misrepresenting to the Plaintiff the material facts related to NCL's ownership, control, and operation of the subject excursion." [ECF No. 49, p. 8]. However, the only "facts" that Plaintiff can identify from the initial Complaint in relation to this is that "NCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject excursion without disclosing to Plaintiffs that the subject excursion was being run by another (and/or entities)." *Id*. (citing [ECF No. 1, ¶55 (d)]). The remainder of the allegations Plaintiff cites were first alleged in her Amended Complaint, which she filed after the one-year limitation period. As such, these allegations have no bearing on the analysis.

Moreover, Plaintiff fails to point to any allegations that placed NCL on notice she would be bringing a claim of negligent misrepresentation with respect to the activity level of the tour, the guides on the tour, the safety, reliability, and reputation of excursion providers, their insurance, or that excursion providers would be subject to personal jurisdiction in the United States (which Plaintiff, who effectively voluntarily dismissed the tour operator, did not even test). Plaintiff merely relies on allegations that NCL never identified Reef Tours as the operator of the excursion.[1]

---

[1] As stated below, the many documents NCL provided Plaintiff prior to and during the subject cruise (which she references and makes central to her claims and are thus properly considered here), establish that the shore excursion was operated by an independent contractor. Even the select documents that Plaintiff cherry-picked and attached to the Complaint identifies Reef Tours Ltd. as the operator. *See* Shore Excursion Ticket at ECF No. 32-1 at page 17. Notably, Plaintiff did not attach the back of the shore excursion ticket which

2

Accordingly, Count I does not relate back and should be dismissed. *See Caron v. NCL (Bahamas) Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018) ("[T]he test for relation back is not whether the new facts alleged could substantiate an old, boilerplate claim but whether the old facts alleged could put the defendant on notice that the new claim might be part of the litigation.").

Similarly, Plaintiff's argument with respect to her claim for negligent infliction of emotional distress (Count IV) is unpersuasive. Plaintiff merely argues that Count IV "is predicated on the same conduct that was alleged from inception" and that "Plaintiff's initial Complaint and Amended Complaints repeatedly asserted 'individual claims' for MARIA GRAHAM and specifically asserted that 'as a result of the negligence of NCL...[MARIA GRAHAM] suffered mental and emotional suffering.'" [ECF No. 49, p. 9]. Plaintiff fails to identify any legal authority establishing that such broad allegation places a defendant on notice that a new claim may be part of litigation. Accordingly, Count IV should be dismissed.

**II.    Concerning the Claim for Negligent Misrepresentation (Count I), Plaintiff Fails to Rebut that the Complaint Lacks Facts to Support that any of NCL's Representations were False or Misleading.**

As a threshold matter, Plaintiff fails to acknowledge NCL's contention that the Second Amended Complaint is devoid of facts supporting allegations that NCL's representations were in any way false. To be certain, Plaintiff fails to proffer arguments or supporting facts related to NCL's alleged misrepresentations regarding the tour's activity level, that the tour was guided, that Reef Tours had a bad reputation, was unreliable, or was unsafe, or that Reef Tours was insured and subject to personal jurisdiction in the United States. Rather, Plaintiff merely argues that NCL misrepresented that they owned and operated the subject excursion. *See* [ECF No. 49, p. 9] ("NCL explicitly stated to the Plaintiff that the *Norwegian Sky* shoreside excursions, including the subject excursion, was owned and operated by NCL."). In support of this argument, Plaintiff relies on a single letter from NCL to Plaintiff that stated "book shore excursions now, as our most popular tours fill up." [ECF No. 32-1, p. 1]. However, not only does this statement fail to indicate that NCL owned and operated the subject excursion, but Plaintiff fails to recognize the many other

---

the front references at the top as follows: ("Please see important terms and conditions on the back of this ticket which may affect your legal rights.") *Id.* NCL, however, did. *See* back of ticket at ECF No. 10-3 at page 2 which establishes, among other things that shore excursions are operated by independent providers that NCL does not control or supervise. *Id.*

3

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

documents NCL provided her that explicitly state that shore excursions are operated by independent contractors.

Plaintiff's argument that the documents attached to NCL's Motion cannot be considered ignores the law and thus fails.[2] The Eleventh Circuit has held that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *see also Simmons v. Carnival Cruise Lines*, 2003 U.S. Dist. LEXIS 19034 (E.D.N.Y. 2003) ("[A] court may consider documents annexed to [a] movant's papers, which although not annexed to the complaint, plaintiff either had in [his] possession or had knowledge of and upon which [he] relied in bringing suit.") (internal citations omitted).

Here, Plaintiff attached the Shore Excursion Ticket to her Complaint, which identifies Reef Tours as the operator. [ECF No. 32-1, p. 16-17]. Moreover, Plaintiff's Complaint clearly references NCL's website and marketing materials and makes them central to her claim. [ECF No. 32, ¶10-17]; *see also* [ECF No. 40-1]. Plaintiff's Ticket Contract, which is contained on NCL's website, is also referenced in the booking materials Plaintiff relies on and attached to Plaintiff's Initial and Amended Complaint. [ECF No. 1-1]; [ECF No. 13-1]. Accordingly, because all of these documents unambiguously informed Plaintiff that the subject excursion was owned and operated by Reef Tours, an independent contractor, Plaintiff's claim fails as a matter of law. *See, e.g., Wolf v. Celebrity Cruises, Inc.,* 683 Fed. Appx. 786, 798 (11th Cir. 2017).

**III. Concerning Plaintiff's Claim for Negligent Selection and Retention (Count II), Plaintiff Fails to Controvert that the Complaint is Devoid of Factual Allegations Supporting that Reef Tours was Incompetent or Unfit, let alone that NCL was on Notice. Moreover, She Cites no Facts establishing that Lack of Competence or Fitness caused Mr. Graham's Death.**

Plaintiff fails to identify any facts from the Complaint supporting that Reef Tours was "incompetent" or "unfit" to operate the subject excursion, much less that NCL knew or had reason to know about any alleged incompetent or lack of fitness. Rather, Plaintiff cites to general and conclusory allegations devoid of factual support. This in itself warrants dismissal. *See Bailey v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 58486, *16-17 (S.D. Fla. Mar. 18, 2019) ("The Court

---

[2] Plaintiff does not dispute the authenticity of the documents.

4

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

agrees none of these allegations succeed in stating a claim for negligent hiring and retention. Nowhere within the complaint does Bailey present any factual support for the notion that [the ship owner] was aware of any 'particular incompetent or unfitness' or 'that such incompetence or unfitness proximately caused [her] injuries.'"); *see also Llado-Carreno v. Guidant Corp.*, 2011 WL 705403, \*3 (S.D. Fla. Feb. 22, 2011) (holding complaint did not state a plausible claim for negligence where it simply listed various duties prefixed with the words "failing to" and provided no factual allegations).

Indeed, Plaintiff practically concedes that Count II is insufficient as plead, noting that the information related to NCL's "hiring, appointment and vetting" of Reef Tours are "material issues that will be addressed during discovery." [ECF No. 49, p. 11]. This cannot support a cause of action. *See, e.g., Rygula v. NCL (Bahamas) Ltd.*, 2019 U.S. Dist. LEXIS 147586, \*10 (S.D. Fla. Aug. 28, 2019). Contrary to Plaintiff's argument, *Lienemann v. Cruise Ship Excursions*, 2018 U.S. Dist. LEXIS 202697 (S.D. Fla. Nov. 15, 2018) does not support her position. In fact, the defendant in *Lienemann* did not move to dismiss the negligent retention claim. *Id*. at \*9 n.3. Rather, the multiple decisions NCL cited wherein courts dismissed similarly pled negligent retention claims are more on point. Plaintiff does not attempt to address any of these decisions. *See, e.g., Zhang*, 2019 U.S. Dist. LEXIS 199362, \*13; *Serra Cruz*, 2019 U.S. Dist. LEXIS 23591, \*18; *Woodley*, 2020 U.S. Dist. LEXIS 124324, \*16-19 (finding allegations about inspection of the snorkeling tour operator's excursion insufficient to support claims of negligent retention.") (citing *Kennedy v. Carnival Corp.*, 385 F. Supp. 3d 1302, 1335-1336 (S.D. Fla. 2019)). Notwithstanding the above, Plaintiff does not identify any facts establishing that Mr. Graham's death, which appears to have resulted from an unforeseeable medical event, was proximately caused by any lack of fitness or competence. Accordingly, Count II should be dismissed.

**IV.    Plaintiff Fails to Controvert that the Complaint Fails to Sufficiently Allege Notice with respect to Plaintiff's Claim for Negligent Failure to Warn (Count III)[3]**

Plaintiff's Second Amended Complaint relies on a conclusory allegation related to NCL's "annual inspections and/or visits of the excursion's operations" in order to allege that NCL had

---

[3] In her Response, Plaintiff contends that "NCL alleges that the Plaintiff 'seeks to impose heightened duties of care.'" [ECF No. 49, p. 12]. NCL, however, makes no such argument in its Motion to Dismiss Plaintiff's Second Amended Complaint. It appears that this portion of Plaintiff's Response is mistakenly addressing NCL's previous Motion to Dismiss.

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

notice of the unidentified "dangerous condition(s)" that caused Decedent's death. [ECF No. 32, ¶60]. These boilerplate allegations "could be used by any passenger who was injured during any excursion while on a cruise," *Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 43487, *6 (S.D. Fla. Mar. 27, 2013), and have been held to be insufficient by multiple courts in this District. *See Zhang v. Royal Caribbean Cruises, Ltd.*, 2019 U.S. Dist. LEXIS 199362, *17 (S.D. Fla. Nov. 15, 2019) (Scola, J.); *Serra-Cruz v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 23591, *23 (S.D. Fla. Feb. 11, 2019) ("Plaintiff does not explain which of: Carnival's yearly inspections of [the shore excursion operator], prior ATV accidents, or Carnival's approval process for the Excursion, put Carnival on notice."); *Doria v. Royal Caribbean Cruises, Ltd.*, 2019 U.S. Dist. LEXIS 104354, *9-11 (S.D. Fla. June 19, 2019).

Plaintiff's reliance on Judge Altonaga's decision in *Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1358 n.5 (S.D. Fla. 2016) to argue that their conclusory references to NCL's "annual inspections and/or visits" are sufficient to plead notice is misplaced. As a preliminary matter, *Heller*, which cites *Ash v. Royal Caribbean Cruises, Ltd.*, 2014 U.S. Dist. LEXIS 164691 (S.D. Fla. Nov. 25, 2014), does not support that Plaintiff's reference to "inspections" is sufficient to allege notice. In fact, in *Mellnitz v. Carnival Corp.*, where Judge Altonaga addressed a similar negligence claim, she found that allegations premised on the cruise line's "approval process" and "yearly inspections" were insufficient. In granting the cruise line's motion to dismiss, Judge Altonaga rejected the plaintiff's arguments relying on *Heller* and stated "it's not just because [the cruise line] cleared the operator and picked them, that doesn't mean that they knew of all the dangers that your client experienced. You would need to have a factual basis for making that assertion." Hrg. Tr. in *Mellnitz v. Carnival Corp.*, No. 19-cv-24444, previously filed as [ECF No. 17-3, p. 12-15].

Moreover, Plaintiff failed to address the decisions from this district that NCL cited dismissing similarly pled negligence claims. *See, e.g., Nichols v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 105153, *19 (S.D. Fla. June 21, 2019) ("These allegations do not present sufficient facts to establish notice because they do not allege how, factually, Carnival's inspections would have revealed the various allegedly unsafe conditions and what the corresponding unsafe conditions were."); *Zhang*, 2019 U.S. Dist. LEXIS 199362, *17 (Scola, J.). Plaintiff fails to distinguish her allegations from those in *Nichols* and *Zhang*, which the courts found to be insufficient.

Rather, Plaintiff references a nine-year-old lawsuit, *Olson v. Carnival*, filed by a *Carnival*

6

passenger that involved Reef Tours. Plaintiff cannot and has not alleged facts from the lawsuit establishing that her excursion was dangerous much less that it involved the same hidden dangers that allegedly caused her husband's passing (dangers that her Complaint does not even identify). But even if, hypothetically, she had alleged such facts it remains that she cites no facts establishing how NCL knew or should have known. She merely alleges that a current NCL employee was employed eight years ago by the law firm that represented Reef Tours in that lawsuit. Plaintiff alleges no facts establishing that this employee worked on the file, let alone that he gained and retained any knowledge establishing that Reef Tours was incompetent and/or that the same hidden condition that caused the subject incident here caused the *Olson* incident more than nine years ago. She certainly cites no authority establishing that such hypothetical knowledge to a future employer. But most important, as noted above, Plaintiff does not allege any facts indicating that the dangerous condition present in *Olson* (which the *Olson* complaint does not identify) has any bearing on the dangerous condition(s) relevant to the instant matter. Notwithstanding, such a conclusory allegation related to an incident involving a passenger from a different cruise line is insufficient to invoke notice. *See Serra-Cruz*, 2019 U.S. Dist. LEXIS 23591, *23-24 ("Moreover, there is no explanation as to *how* these incidents put Carnival on notice."); *Nichols*, 2019 U.S. Dist. LEXIS 105153, *15 (indicating that "two prior heart attack deaths may not have put Carnival on notice of the risk associated with the unidentified 'medical condition' from which the Decedent suffered."); *Zhang*, 2019 U.S. Dist. LEXIS 199362, *12 (finding that allegations about bus accidents occurring during excursions operated by certain tour operators could not support the claim that NCL was negligent in selecting or retaining the tour operator that operated a different excursion where passengers were similarly injuring following a bus accident). For these reasons, Count III should be dismissed.

7

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**VI. Plaintiff's Claim for Vicarious Liability against NCL for the Negligence of Reef Tours (i.e. Agency or Agency by Estoppel) (Count IV) Should be Dismissed Because the Claim for Negligence Fails. Moreover, the Additional Documents she References in the Complaint and makes Central to her Claim Renders her Purported Belief that Reef Tours was NCL's Agent Unreasonable as a Matter of Law**

As evidenced above, Plaintiff fails to sufficiently plead her negligence claim.[4] Accordingly, her apparent agency claim also fails. *See Serra-Cruz*, 2019 U.S. Dist. LEXIS 23591, *25-26. But even if the negligence claim was sufficiently pled, the claim for apparent agency would still fail because of the content of the documents that Plaintiff references in the Complaint and makes central to her claim.

As stated above, Plaintiff incorrectly argues that the Court cannot consider the documents attached to NCL's Motion to Dismiss because they were not "incorporated" into the Second Amended Complaint.[5] NCL's website, which happens to include the passenger ticket, the receipt for the shore excursion, and the marketing materials are undoubtedly central to Plaintiff's claim. Contrary to her contentions, Plaintiff specifically refers to NCL's website, marketing materials, and the shore excursion receipt and incorporates these allegations into Count IV. [ECF No. 32, ¶10-17, 64]. The very "materials" referenced in the Second Amended Complaint that are used to allege the underlying negligence claim are clearly central to the claim of apparent agency as Plaintiff alleges she reviewed these very documents. *See, e.g., Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("It is the law in this Circuit that when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.") (internal citations omitted). Moreover, Plaintiff attached the Passenger Ticket Contract and Shore Excursion Ticket to her Amended Complaint and Second Amended Complaint, respectively. For this reason, the Court can consider these documents without having to convert NCL's motion to dismiss to a motion for summary judgment. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Notwithstanding, NCL respectfully submits that dismissal of Plaintiff's claim at this stage is proper as the purpose of a motion to dismiss is to streamline the issues for trial. See *Neitzke v.*

---

[4] To the extent, Plaintiff seeks to hold NCL liable for Reef Tours' actions with respect to the treatment provided to Decedent and/or the availability of adequate medical treatment, no such duties exist under maritime law. *See McFee v. Carnival Corp*., 2020 U.S. Dist. LEXIS 21062, *42-43 (S.D. Fla. Feb. 3, 2020).

[5] Plaintiff does not challenge the authenticity of these documents.

8

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Williams*, 490 U.S. 319, 326-27 (1989) (noting that the purpose of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and fact finding."). Indeed, the law in this district is clear that Plaintiff's subjective belief that NCL and Reef Tours were agents is not reasonable as a matter of law due to the several disclosures Plaintiff received. *Hajtman v. NCL (Bahamas) Ltd.*, 526 F. Supp. 2d 1324, 1328 (S.D. Fla. 2017); see also *Ceithaml v. Celebrity Cruises Inc.*, 2018 U.S. App. LEXIS 17151 (11th Cir. June 25, 2018); *Wolf v. Celebrity Cruises, Inc.*, 683 Fed. Appx. 786, 798 (11th Cir. 2017). Notwithstanding that *Wolf* and *Ceithaml* were decided at the motion for summary judgment stage, if Plaintiff is permitted to proceed with allegations not supported by law, the result would be to confuse the issues for discovery, leading to unnecessary expense and needless delay in the case's ultimate resolution.

Moreover, Plaintiff's reliance on *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1237 (11th Cir. 2014) is misplaced. In *Franza,* the court found that an apparent agency claim against a cruise line vis-à-vis physicians working aboard the ship withstood Fed. R. Civ. P. 12(b)(6) scrutiny because the plaintiff proffered several factual allegations in support and *did not* reference the cruise ticket contract in the complaint. *Id* at 1237 (recognizing that documents can be considered at the motion to dismiss stage if "refer[enced]" in the Complaint and "central to the plaintiff's claim" but noting "the complaint ma[de] no mention of the [passenger ticket] contract."). Moreover, the court held that the ticket contract was "internally inconsistent . . . seemingly suggesting that medical personnel are not independent contractors." *Id*. at 1238 n. 11. In the present case, however, Plaintiff references several portions of NCL's website, which contains the passenger ticket terms and conditions, as well as the shore excursion ticket/receipt and makes them central to her claim. Moreover, there is no ambiguity contained within these documents. As such, "the language in the [shore excursion ticket] puts passengers on notice that [the cruise line] shall not be liable for serviced performed by independent contractors." *Meyer*, 2013 WL 12061857, *2. Accordingly, NCL respectfully submits that dismissal of Plaintiff's claim at this stage is proper as the purpose of a motion to dismiss is to streamline the issues for trial. *See Mann v. Brenner*, 375 Fed. Appx. 232, 239 (3d Cir. 2010); *see also Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) (noting that the purpose of Rule 12(b)(6) is to "streamline[] litigation by dispensing with needless discovery and factfinding.").

9

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

### VII. Plaintiff Ignores the Legal Authorities Dismissing Identically Pled Joint Venture Claims (Count V) Based on the Very Agreement Plaintiff Invokes Here

NCL argued, in part, that Plaintiff failed to state claim for joint venture because she failed to allege any facts to support the conclusory allegation that NCL and Reef Tours intended to create a joint venture. NCL also established that the language in the TOA between NCL and Reef Tours, which Plaintiff referenced and made central to her claims, negated the allegations that NCL and Reef Tours intended to create a joint venture or that NCL had a right of control over the operation of Reef Tour's excursions.

Plaintiff ignores the multiple decisions from this Court that have dismissed identical claims after the courts considered similar TOAs to the one at issue here. *See McShane v. NCL (Bahamas) Ltd.*, 2016 U.S. Dist. LEXIS 201136, *4-5 (S.D. Fla. Aug. 18, 2016) ("Based on this language in the Excursion Agreement, Plaintiff cannot allege a necessary element of her joint venture claim—that the parties intended to create a joint venture."); *Zapata*, 2013 U.S. Dist. LEXIS 43487 *17 ("The unambiguous language of the Tour Operator Agreement directly contradicts Plaintiff's allegations and warrants the dismissal of Plaintiff's joint venture claim against RCCL."); *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1355 (S.D. Fla. 2016); *Doria*, 2019 U.S. Dist. LEXIS 104354, *14-15; *Woodley*, 2020 U.S. Dist. LEXIS 124324, *26-29; *see also Gayou,* 2012 U.S. Dist. LEXIS 77536, at *24-25. The cases relied on by Plaintiff in her Response are inapposite. Accordingly, as virtually identical TOAs have been found to show no intention on the part of NCL to enter into a joint venture with excursion companies, NCL respectfully submits that Count V should be dismissed with prejudice.

### VIII. Plaintiff' Fails to Address NCL's Argument that her Claim for Negligent Infliction of Emotional Distress ("NIED") (Count VI) Should be Dismissed because She Failed to Plead Sufficient Facts to Indicate that She was in the Zone of Danger

NCL argued in its Motion to Dismiss that Count VI failed because Plaintiff failed to plead any facts indicating that she was in the zone of danger of Decedent's medical event that occurred after he returned from snorkeling. Because "[c]laims of negligent infliction of emotional distress under maritime law of the United States must survive the zone of danger test," NCL argued that Count VI should be dismissed. Nevertheless, Plaintiff fails to rebut this argument. For this reason, she concedes it. *See Carroll v. Retail Servs.*, 2014 U.S. Dist. LEXIS 198729, *22 (N.D. Ga. Sep. 2, 2014) ("In this Circuit, a party's failure to brief and argue an issue before the district court is

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

grounds for declaring it abandoned.") (citing *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000)); *Hudson v. Norfolk & Southern Ry.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim [in a response to a motion to dismiss], the Court deems such an argument or claim abandoned."); *Brady v. Medtronic, Inc.*, 2014 U.S. Dist. LEXIS 52151 (S.D. Fla. Apr. 8, 2014) (conceding claims were subject to dismissal by failing to address defendant's argument in plaintiff's opposition to the motion to dismiss); *see also Kirkland v. County Comm'n of Elmore County*, 2009 U.S. Dist. LEXIS 17614 (M.D. Ala. Mar. 6, 2009) (listing cases concluding that a plaintiff's failure to respond to arguments in a defendant's motion to dismiss properly resulted in dismissal of those claims as abandoned).

**IX.   Plaintiff Fails to Acknowledge NCL's Argument that the Court should Strike Requests for Non-Pecuniary Damages because DOHSA, which provides the Exclusive Remedy, Forecloses this Recovery**

Similar to NCL's argument that Count VI should be dismissed, Plaintiff fails to respond to NCL's argument that she cannot recover non-pecuniary damages because DOHSA applies. Accordingly, this portion of NCL's Motion should be granted. *See Carroll*, 2014 U.S. Dist. LEXIS 198729, *22 ("In this Circuit, a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned."); *Hudson*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim [in a response to a motion to dismiss], the Court deems such an argument or claim abandoned.").

WHEREFORE, Defendant, NCL (BAHAMAS) LTD. a Bermuda Company d/b/a NORWEGIAN CRUISE LINE ("NCL"), respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Second Amended Complaint in its entirety with prejudice, and for all other relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

**/s/ *Spencer Price***
Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon, Esq.
Florida Bar No.: 517631
cchardon@hamiltonmillerlaw.com
Spencer B. Price, Esq.

11

>Florida Bar No.: 1001044
>sprice@hamiltonmillerlaw.com
>HAMILTON, MILLER & BIRTHISEL, LLP
>150 Southeast Second Avenue, Suite 1200
>Miami, Florida 33131
>Telephone: (305) 379-3686
>*Attorneys for Defendant, NCL*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

>**/s/ *Spencer Price*_____**
>Spencer B. Price, Esq.

## SERVICE LIST

| *Attorneys for Plaintiff* | *Attorneys for Defendant, NCL* |
|---|---|
| Pedro P. Sotolongo, Esq.<br>psotolongo@sotolongolaw.com<br>SOTOLONGO, P.A.<br>1000 5th Street, Suite 402<br>Miami Beach, FL 33130<br>Telephone: (305) 415-0073<br><br>Alejandro J. Gonzalez, Esq.<br>alex@agonzalezlaw.com<br>GONZALEZ, P.A.<br>199 E. Flagler Street, #610<br>Miami, FL 33131<br>15715 S. Dixie Hwy, #302<br>Palmetto Bay, Florida 33157<br>Telephone: (877) 413-4448 | Jerry D. Hamilton, Esq.<br>jhamilton@hamiltonmillerlaw.com<br>Carlos J. Chardon, Esq.<br>cchardon@hamiltonmillerlaw.com<br>Spencer B. Price, Esq.<br>sprice@hamiltonmillerlaw.com<br>HAMILTON, MILLER & BIRTHISEL, LLP<br>150 Southeast Second Avenue, Suite 1200<br>Miami, Florida 33131<br>Telephone: (305) 379-3686<br>Facsimile: (305) 379-3690 |

12

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690